**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**FILED**
**DEC 24 2003**
BY _____ DEPUTY

**PAMELA ELLIS**                                                                      **PLAINTIFF**

**VS.**                                                    **CIVIL ACTION NO. 3:03CV1355LN**

**ANTHONY J. PRINCIPI, Secretary,**
**Department of Veterans Affairs, Agency**                          **DEFENDANT**

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff, Pamela Ellis, has filed an application for authority to proceed *in forma pauperis* in the above styled case in which she alleges that the Defendant has discriminated against her on the basis of prior EEO activity.

After a review of the sworn financial affidavit filed with this court, it is the opinion of the undersigned Magistrate Judge that the Plaintiff is not indigent under the law. Her spouse has a regular monthly income of $1,600.00, and the Plaintiff receives an income from a nursing agency that varies from month to month, but averaged $528 for the last twelve months. The family also receives disability income of $1,200.00 per month. The Plaintiff owns a home valued at $25,000.00 and two vehicles. For all of these reasons, it is the opinion of the undersigned that the Plaintiff should not be allowed to proceed *in forma pauperis*.

Section 28 U.S.C. §1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of her impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);



Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States* 415 F.2d 1115 (5th Cir. 1969); and,

Is the plaintiff forced to contribute her last dollar, or render herself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of the Plaintiff, the undersigned finds that she could pay filing costs without undue financial hardship. Hence, it is the recommendation of the undersigned that his request to proceed *in forma pauperis* be denied and that she be given thirty days from the date of this report to pay filing fees. The Plaintiff should be advised and warned that her failure to pay filing fees could result in the dismissal of her suit.

The Plaintiff is hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from challenging such findings and recommendations on appeal. 28 U.S.C. §636, *Douglass v. United Services Auto. Ass'n.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 23rd day of December, 2003.

*Alfred B. Nicols, Jr*

UNITED STATES MAGISTRATE JUDGE

2