UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

PAMELA ELLIS                                            PLAINTIFF

VS.                                           CIVIL ACTION NO. 3:03-CV-1355 LN

ANTHONY J. PRINCIPI, SECRETARY
OF THE UNITED STATES DEPARTMENT
OF VETERANS AFFAIRS                                DEFENDANT

### DEFENDANT'S MOTION TO DISMISS

Defendant Anthony J. Principi, in his capacity as Secretary of the United States Department of Veterans Affairs (hereinafter, "Defendant"), by and through Dunn Lampton, United States Attorney for the Southern District of Mississippi, and David H. Fulcher, Assistant United States Attorney, asks this Court to dismiss the above styled case with prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

I.      **BACKGROUND**

Plaintiff Pamela Ellis, an employee of the Veterans Administration Medical Center in Jackson ("VAMC"), alleges that she was discriminated against on the basis of her race, religion, and that the defendant retaliated against her for her prior EEOC complaints. On December 18, 2003, Ellis filed her complaint against the Defendant, alleging causes of action under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000.[1]

On May 4, 2004 - one hundred thirty-eight days after filing her complaint - Ellis's complaint was received by the United States Attorney's Office. Attached hereto as Exhibit A is the certified mail envelope postmarked May 3, 2004 which Ellis used to serve the Complaint on the United States Attorney. It is not clear when, if ever, Ellis served the complaint on the Attorney General of the United States or on the Department of Veterans Affairs.

---

[1]      Ellis also previously filed a related Title VII lawsuit, Ellis vs. Principi, No. 3:03-CV-357LN on March 5, 2003.



## II. THE COMPLAINT SHOULD BE DISMISSED BECAUSE THE PLAINTIFF FAILED TO TIMELY SERVE THE DEFENDANT.

Plaintiff failed to timely serve the defendant with process within the 120-day period set forth in Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, the case should be dismissed. In addition, it is not clear whether the plaintiff served the Attorney General of the United States and the Department of Veterans affairs as required by accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

Rule 4(m) of the Federal Rules of Civil Procedure states as follows:

> Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Here, the plaintiff undisputedly failed to timely serve the defendant with process within 120 days, despite the fact that the defendant was at all times available and amendable to service of process.

Timely service of process is not merely a procedural hoop. It may in fact impact whether or not the case can be pursued at all. At least one federal court has held that the 90-day period for filing a Title VII case following the issuance of a right to sue letter is not tolled beyond the 120-day period for service of process in Rule 4(m). "While the filing of a complaint tolls a statute of limitations, failure to complete service of the summons within 120 days as required by Rule 4(m) ends the tolling period, and the statute of limitations once again begins to run." Amnay v. Del Labs, 117 F.Supp.2d 283, 287 (E.D. N.Y. 2000). "Because the Plaintiff's claims are now untimely, granting the Plaintiff an extension of time to attempt to serve Defendants would be futile." Id. See also, Cooper v. Phoenix Health Systems, Inc., 2004 WL 943905, No. Civ. JFM-03-2582 (D. Md. March 15, 2004).

Plaintiff should be required to show cause for her failure to serve process within the prescribed time period. Absent a showing of "good cause" for this failure, the Court should exercise its discretion and dismiss the case. See Thompson vs. Brown, 91 F. 3d 20 (5th Cir.

1996) (holding that Rule 4(m) gives District Court discretion to dismiss absent showing of good cause for failure to timely serve process).

### III.  CONCLUSION

For the foregoing reasons, the Court should dismiss this case without prejudice for failure to timely serve process in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[2]

Respectfully submitted,

DUNN LAMPTON
United States Attorney

By: _____
DAVID H. FULCHER, MSB# 10179
Assistant United States Attorney
188 East Capitol Street Suite 500
Jackson, MS 39201-0101
Telephone    (601) 973-2824
Facsimile     (601) 965-4409

### CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I have this date caused a true and correct copy of the foregoing to be forwarded to the following via U.S. Mail, postage prepaid:

Pamela Ellis
5130 Nantucket Drive
Jackson, MS 39209

This, the 6th day of July, 2004

_____
David H. Fulcher

---

[2] The undersigned counsel requests that he be relieved of the obligation to file a Memorandum of Authorities in support hereof pursuant to Local Rule 7.2(D) of the Uniform Local rules of the Northern and Southern Districts of Mississippi.  A memorandum will be submitted in the event that the Court deems one necessary in this case.

